UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ARTHUR J. LONG,                                  )
                                                 )
    Plaintiff                                   )
                                                 )
v.                                               )
                                                 )   Docket No. 2:15-cv-00291-JAW
OFFICER ABBOTT, and MICHAEL SAUSCHUK )
Chief of Police, and CITY OF PORTLAND            )
                                                 )
    Defendants                                  )

## SECON AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff in the above-entitled matter and states as follows:

### Nature of Action

This is 4th Amendment violation case arising out of an incident on April 9, 2014 in which Portland Police Officer Abbott demanded that Mr. Long - sitting on the front stairs of a building talking to a Portland resident and committing no crime - provide identification to the officer. When Plaintiff invoked his 4th Amendment right not to provide identification unless the police officer could identify any crime he suspected Plaintiff of committing, Officer Abbott placed him under arrest, pushing him from behind as he extended his hands to be handcuffed and sending him sprawling against the stairs.  Officer Abbott had no valid reason for arresting Mr. Long, no justification for demanding him to identify himself, and no justification for arresting him on false charges

### Parties

1. Plaintiff Arthur J. Long ("Long") is a resident of Dover, New Hampshire.

2. Defendant City of Portland, Maine is a municipal corporation in the State of Maine.

1

3. Defendant Michael Sauschuk ("Sauschuk") was the acting Chief of Police of the City of Portland, during all relevant times.

4. Defendant Officer Abbott ("Abbott") was, at all times pertinent to this complaint, a resident of the State of Maine and a police officer employed by the City of Portland and the Portland Police Department.

## Subject Matter Jurisdiction

5. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, 42 U.S.C. § 1983.

6. This Court has jurisdiction of this cause under and by virtue of 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

7. This Honorable Court may exercise pendent jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

## Personal Jurisdiction

8. This Honorable Court wields jurisdiction over each of the Defendants named herein pursuant to 14 M.R.S.A. §704-A in that each of the Defendants is domiciled in the State of Maine.

## Venue

9. Venue is properly laid before this Honorable Court pursuant to 28 U.S.C. § 1391 and Rule 9(a) of the rules of the United States District Court for the District of Maine in that all of the acts complained of occurred in the southern half of the State of Maine.

**Common Nucleus of Operative Fact**

10. On or about April 9, 2014, Plaintiff Long spent the late afternoon and evening in Portland, Maine.

11. At approximately 11:00 he began walking back to his parked his car in the general vicinity of the Post Office.

12. On his walk, he came across a man sitting on stairs in front of a building on a public street.

13. Plaintiff Long engaged the man in a friendly conversation.

14. As the conversation played out, Plaintiff Long joined the man and sat down on the building steps.

15. At no point in the conversation with the stranger was Plaintiff Long drinking in public.

16. At some point, a Portland Police cruiser driven by Defendant Abbott pulled up.

17. Defendant Abbott got out of his cruiser and put on leather gloves before confronting Plaintiff Long.

18. Defendant Abbott then demanded that Plaintiff Long and the stranger produce identification.

19. Plaintiff Long asked Defendant Abbott why he wanted him to produce identification.

20. Defendant Abbott turned to a second officer who had arrived and said, "oh, we got a wise guy here."

21. Defendant Abbott then stated to Plaintiff Long, "didn't you know that it's against the law to drink in public?"

22. Plaintiff Long immediately told Defendant Abbott that he was not drinking in public.

23. At no point in time could Defendant Abbott have witnessed Plaintiff Long drinking in public, because he was not drinking in public.

24. Defendant Abbott again demanded that Plaintiff Long produce identification.

25. Plaintiff Long asked Defendant Abbott why he was demanding that Plaintiff Long produce identification.

26. At this point, Defendant Abbott asked, "do you live here?"

27. Plaintiff Long replied, "no."

28. Defendant Abbott then admonished "you're trespassing."

29. Having previously attended the Maine Criminal Justice Academy and having previously served as a full-time Maine police officer, Plaintiff Long understood that he was not in fact or in law trespassing.

30. At this point, Defendant Abbott barked, "let's see some ID or you're going to fucking jail!"

31. Plaintiff Long protested the officer's decorum and language and asked for what reason Defendant Abbott would be taking him to jail.

32. Defendant Abbott responded, "for not providing ID."

33. Finally, Plaintiff Long stated, "I'm not giving you my ID."

34. Defendant Abbott ordered Plaintiff Long to stand up and turn around facing the stairs, and to put his hands behind his back.

35. As Plaintiff Long was getting up off the stairs and beginning to turn around to comply with Defendant Abbott's request, including putting his hands behind his back, Defendant Abbott shoved Plaintiff Long from behind forcing him face down on the stairs.

36. Defendant Abbott began placing the handcuffs on Plaintiff Long, once he had forced him to the stairs, face first.

37. Plaintiff Long was fully compliant at all material times.

38. As Defendant Abbott helped Plaintiff Long to his feet, Plaintiff Long asked to see a supervisor.

39. Before the supervisor arrived, Defendant Abbott reached into Plaintiff Long's front left pocket and removed his wallet.

40. Plaintiff Long did not have any identification in his wallet; rather, that information was in a hard case in his front right pocket.

41. Before he was transported to the Sheriff's Office and still in handcuffs, Plaintiff Long asked Defendant Abbott if he still had Plaintiff Long's wallet.

42. Defendant Abbott looked around as if he had misplaced it.

43. Plaintiff Long then looked toward the stairs and saw his wallet on the stairs, at which point Defendant Abbott said, "there's no ID in it."

44. However, there was over $700 of cash in the wallet.

45. When the supervisor arrived, Plaintiff Long explained his version of the events, including Defendant Abbott's unprofessional and profane language and conduct.

46. Plaintiff Long was then transported to Cumberland County Jail where he was booked.

### Count I: 42 U.S.C. §1983 Violation v. Officer Defendant Abbott

47. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

48. As indicated above, Defendant Abbott, under color of state law, subjected Mr. Long to a deprivation of his constitutional rights, specifically his clearly established rights to (1) bodily integrity, (2) be free of the use of unreasonable force, (3) to substantive and

procedural due process, and (4) to be free from arrest except upon a finding of probable cause that he had committed a crime, protected by the United States Constitution and State and Federal Law.

49. Defendants' actions displayed a reckless or callous disregard of, or indifference to, the rights of Mr. Long.

WHEREFORE, Mr. Long requests that this Honorable Court (1) enter judgment for Plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Long punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper.

## Count II: 42 U.S.C. §1983 Supervisory Violation v. Defendant Sauschuk

50. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

51. Upon information and belief, Defendant Officer Abbott has been involved in numerous situations that have led to complaints being lodged about their excessive use of force and/or inappropriate and/or unlawful or unconstitutional conduct.

52. Upon information and belief, Defendant Officer Abbott has been disciplined or should have been disciplined numerous times for his excessive use of force and/or inappropriate conduct.

53. Upon information and belief, Defendant Sauschuk knew or should have known that Defendant Officer Abbott had a reputation for violent and/or inappropriate/unlawful conduct.

54. Upon information and belief, Defendant Sauschuk did not take reasonable steps to supervise or discipline Defendant Officer Abbott or to minimize the risk of harm that Defendant Officer Abbott presented to the public.

55. Upon information and belief, any reasonably well-trained supervisor would have recognized that Defendant Officer Abbott, if not properly disciplined and supervised, would cause harm to the public.

56. Defendant Sauschuk's conduct or inaction in supervising and/or disciplining the Defendant Officer Abbott amounts to either deliberate, reckless or callous indifference to the constitutional rights of others, including Mr. Long.

57. On information and belief, Defendant Sauschuk also failed to promulgate appropriate policies regarding generating probable cause for arrests and regarding when and under what circumstances citizens are required to provide identification.

58. On information and belief, Defendant Sauschuk failed to properly train Officer Abbott and others with regard to the appropriate use of force.

59. An affirmative link exists between the street level constitutional violations perpetrated by Defendant Officer Abbott and Defendant Sauschuk's failure to a) properly supervise and/or discipline Officer Abbott and/or b) promulgate appropriate policies regarding arrests upon probable cause, and the use of force and c) train his officers, including Officer Abbott, on arrest upon probable cause and the appropriate use of force.

60. Defendant Sauschuk's actions displayed a reckless or callous disregard of, or indifference to, the rights of Mr. Long.

WHEREFORE, Plaintiff Mr. Long requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has

sustained, (2) award Mr. Long punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### **Count III: 42 U.S.C. §1983 Municipal Violation v. City of Portland**

61. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.
62. The customs or policies of the City of Portland comprise the cause of and the moving force behind the constitutional violations chronicled in this Complaint.
63. At all relevant times, Defendant Sauschuk was acting Chief of Police of the Portland Police Department.
64. At all relevant times Defendant Sauschuk was a policymaker within the City of Portland hierarchy.
65. At all relevant times, on information and belief, Defendant Sauschuk, as a policymaker for the City of Portland, adopted a custom or policy of abdicating any appropriate level of supervision and/or discipline of Defendant Officer Abbott.
66. At all relevant times, on information and belief, Defendant Sauschuk, as a policymaker for the City of Portland, adopted a custom or policy of permitting his officers to make arrests without establishing probable cause and to use force under circumstances which did not in fact require such force.
67. This *laissez faire* approach to the use of arrests and force by his officers amounts to an unconstitutional custom or policy.
68. It was or should have been eminently foreseeable to Defendant Sauschuk that allowing his officers to arrest without probable cause and to use force under circumstances which did not require that level of force would inevitably result in the violation of citizens' civil rights, as happened in the instant case.

69. Defendant City of Portland's actions displayed a reckless or callous disregard of, or indifference to, the rights of Mr. Long.

WHEREFORE, Plaintiff Mr. Long requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Long attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count IV: Assault v. Defendant Abbott

70. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.
71. The actions taken by Defendant Officer Abbott on April 9, 2014 comprise an unjustified assault against Mr. Long.
72. The assaultive behavior was taken in bad faith.
73. The assaultive behavior was malicious or impliedly malicious.

WHEREFORE, Plaintiff Mr. Long requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Long punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count V: Unlawful Arrest v. Defendant Officers

74. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.
75. The actions taken by Defendant Officer Abbott on April 9, 2014 comprise an arrest without probable cause.
76. The arrest was made in bad faith.
77. The unlawful arrest was malicious or impliedly malicious.

WHEREFORE, Plaintiff Mr. Long requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Long punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

Dated: 8/21/2015                                       /s/ Michael J. Waxman
                                                       Attorney for Plaintiff
                                                       Arthur J. Long