UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ARTHUR LONG,<br><br>   Plaintiff,<br><br> vs.<br><br>OFFICER BRENT ABBOTT, MICHAEL SAUSCHUCK and CITY OF PORTLAND,<br><br>   Defendants | Civil No. 15-0291-JAW |

**ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT AND JURY TRIAL DEMAND**

  Defendants Officer Brent Abbott, Michael Sauschuck and City of Portland, by and through counsel, hereby respond to the Plaintiff's Third Amended Complaint as follows:

**Nature of Action**

  The allegations contained in this paragraph of the Plaintiff's Third Amended Complaint do not constitute assertions of fact to which a response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

**Parties**

  1. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

  2. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

3. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

4. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

## Subject Matter Jurisdiction

5. The allegations contained in this paragraph of the Plaintiff's Third Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

6. The allegations contained in this paragraph of the Plaintiff's Third Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

7. The allegations contained in this paragraph of the Plaintiff's Third Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

## Personal Jurisdiction

8. The allegations contained in this paragraph of the Plaintiff's Third Amended Complaint constitute assertions of law to which no response is required.

Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

## Venue

9.      The allegations contained in this paragraph of the Plaintiff's Third Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

## Common Nucleus of Operative Fact

10.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

11.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

12.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

13.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

14. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

15. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

16. The Defendants admit that Officer Abbott and another officer responded to a complaint of people drinking in public at 24 Preble Street. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

17. The Defendants admit that Officer Abbott got out of his cruiser. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

18. The Defendants admit that the officers asked the two persons they found with open beer containers to identify themselves or to produce identification. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

19. The Defendants admit that the Plaintiff did not identify himself, nor did he comply with the request that he produce identification. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining

allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

20. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

21. The Defendants admit that the Plaintiff was advised that the department had received a call that people were drinking in public at this address and that it was unlawful to do so. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

22. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

23. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

24. The Defendants admit that Officer Abbott asked the Plaintiff to identify himself or to produce identification. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

25. The Defendants admit that the Plaintiff continued to refuse to identify himself or to produce identification. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

26. The Defendants admit that the Plaintiff was asked for his identification. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

27. The Defendants admit that the Plaintiff continued to refuse to identify himself or to produce identification. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

28. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

29. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

30. The Defendants admit that the Plaintiff was asked for his identification. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

31. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

32. The Defendants admit that the Plaintiff was advised that drinking in public and loitering were prohibited by statute and/or code and that refusing to identify himself in these circumstance was itself unlawful. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations

contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

33. The Defendants admit that the Plaintiff continued to refuse to identify himself or to produce identification. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

34. The Defendants admit that the Plaintiff was taken into custody. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

35. The Defendants admit that the Plaintiff was taken into custody. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

36. The Defendants admit that the Plaintiff was taken into custody. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

37. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

38. The Defendants admit that the Plaintiff asked to speak with Officer Abbott's supervisor. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

39. The Defendants admit that Officer Abbott secured the Plaintiff's wallet. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

40. The Defendants admit there was no identification in the Plaintiff's wallet. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

41. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

42. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

43. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

44. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

45. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

46. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

## Count I: 42 U.S.C. § 1983 Violation v. Officer Defendant Abbott

47. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Third Amended Complaint.

48. The allegations contained in this paragraph of the Plaintiff's Third Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

49. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

## Count II: 42 U.S.C. § 1983 Supervisory Violation v. Defendant Sauschuck

50. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Third Amended Complaint.

51. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

52. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

53. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

54. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

55. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

56. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

57. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

58. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

59. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

60. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

**Count III: 42 U.S.C. § 1983 Municipal Violation v. City of Portland**

61. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Third Amended Complaint.

62. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

63. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

64. The allegations contained in this paragraph of the Plaintiff's Third Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a

belief as to the truth of the allegations contained in this paragraph of Plaintiff's Third Amended Complaint and, accordingly, deny same.

65. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

66. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

67. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

68. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

69. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

## Count IV: Assault v. Defendant Abbott

70. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Third Amended Complaint.

71. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

72. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

73. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

## Count V: Unlawful Arrest v. Defendant Officers

74. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Third Amended Complaint.

75. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

76. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

77. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Third Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Defendants have at all times acted in good faith and without knowledge that their conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2. The Defendants' conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendants' conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by immunity provisions provided to the Defendants by the

Maine Tort Claims Act, including but not limited to 14 M.R.S.A. § 8103, 8104-B, and 8111(1)(C), (D) and (E).

6. The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7. To the extent that the Plaintiff's Third Amended Complaint seeks to impose liability on the Defendants in their representative capacity, the Complaint fails to state a claim upon which relief may be granted.

8. The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

9. The Plaintiff's Third Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

10. The Plaintiff's claims are barred for the reason that the Defendants are not liable under a theory of *respondeat superior* for the actions of their agents.

11. The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

12. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

13. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

15. The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

16. To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

17. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

18. The Defendants reserve the right to demonstrate that the Plaintiff has failed to mitigate damages.

19. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

**JURY DEMAND**

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendants Officer Abbott, Michael Sauschuck and City of Portland demand judgment in their favor with regard to all claims of the Plaintiff's Third Amended Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 18th day of December, 2015.

                Attorneys for Defendants Officer Abbott,
                Michael Sauschuck and City of Portland
                MONAGHAN LEAHY, LLP
                95 Exchange Street, P.O. Box 7046
                Portland, ME 04112-7046
                (207) 774-3906

BY:   /s/ John J. Wall, III
        John J. Wall, III

### CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2015, I electronically filed **Answer and Affirmative Defenses to Third Amended Complaint and Jury Trial Demand** using the CM/ECF system, which will provide notice to me and the following other counsel of record: Michael Waxman, Esq. (Mjwaxy@aol.com).

Dated at Portland, Maine this 18th day of December, 2015.

                Attorneys for Defendants Officer Abbott,
                Michael Sauschuck and City of Portland
                MONAGHAN LEAHY, LLP
                95 Exchange Street, P.O. Box 7046
                Portland, ME 04112-7046
                (207) 774-3906

BY:   /s/ John J. Wall, III
        John J. Wall, III