UNITED STATES DISTRICT COURT
District of Maine

| ARTHUR J. LONG | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:15-cv-00291-JAW |
| v. | ) | |
| | ) | |
| OFC. BRENT ABBOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON BILL OF COSTS

On May 31, 2017, a federal jury issued a verdict in favor of Defendants and against Plaintiff. *Jury Verdict,* ECF No. 97. As the prevailing parties in this case, Defendants are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . .should be allowed to the prevailing party." Defendants seek costs in the total amount of $1,501.70 for transcript fees only. *Bill of Costs*, ECF No. 101. The First Circuit has interpreted Rule 54(d) as creating a presumption in favor of taxation of costs for the prevailing party. *Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988). The expenses that may be taxed are delineated in 28 U.S.C. § 1920, but the costs must be "necessarily incurred in the case," pursuant to 28 U.S.C. § 1924.

Plaintiff has objected to Defendants' Bill of Costs in its entirety, specifically arguing (1) that the Court should deny the bill in its entirety so as not to chill the rights of aggrieved citizens such as Mr. Long, and (2) that the only taxable depositions are those used in the case, those of Abbott and Long. Plaintiff also

noted that the Robert Booth deposition claimed by Defendants was the subject of a motion *in limine* to exclude which the Court ultimately granted. *See Amended Motion in Limine to Exclude Booth Testimony*, ECF No. 50, and *Order*, ECF No. 92.

Having made an independent review of Defendants' Bill of Costs, the Clerk of Court hereby taxes against Plaintiff the total amount of one thousand four hundred eight dollars and twenty cents ($1,408.20).

Public Policy Considerations

Plaintiff urges the Court to deny the Bill of Costs in its entirety in order to avoid chilling the rights of aggrieved citizens like Long. Some courts have noted that "where the issues are fairly disputed, it is important that the plaintiff not be 'unduly intimidated' by the threat of imposition of costs." *Mulvihill v. Spalding Worldwide Sports, Inc.* 239 F.Supp.2d 121, 122 (D. Mass. 2002) citing *Coulter v. Newmont Gold Co.*, 873 F.Supp. 394 (D. Nev. 1994). While there is no clear test or set of criteria outlined in caselaw to apply to this case, courts have considered some equitable bases such as the economic disparity of parties and the limited resources of the losing party among other factors. *Mulvihill* at 121; *Coulter* at 397; and *Moore v. Hughes Helicopters Inc.*, 708 F.2d 475, 486 (9th Cir. 1983). Plaintiffs who object to the payment of costs to the prevailing party must bear the burden of proving circumstances to overcome the Rule 54(d) presumption in favor of an award. *Cooley v. Lincoln Electric Co.*, 776 F.Supp.2d 511 (N.D. Ohio 2011) Given the relatively small amount of costs claimed in this case, the Clerk believes plaintiffs in cases of this import will not be discouraged or chilled by the imposition of costs. Therefore,

where there is a lack of any significant proof by Plaintiff as to the impropriety of the award, the Bill of Costs will be granted with the exception of those claimed costs hereby excluded as explained below.

Transcript Costs

Defendants claim deposition transcript costs in the amount of $1,501.70 for five witnesses (Booth, Long, Abbott, Malloch and Sauschuck) as well as the videotaped deposition of one of the five witnesses, Robert Booth. A review of the docket shows that the transcripts of Long, Abbott, Malloch and Sauschuck were necessarily obtained for use in the case in that they were used in Defendants' motion for summary judgment work and the Plaintiff's response to that Motion. *See* ECF Nos. 30-35. Additionally, some of the transcripts were cited by the Court in its *Summary Judgment Order*, ECF No. 42. Deposition copies that are used by a prevailing party in its preparation of summary judgment motion or upon which the Court relied in its order regarding summary judgment are taxable. *Willbanks v. Woodrow*, 65 F.3d 179, (Table) 1995 WL 519157 (10th Cir. 1995), citing *Gibson v. Greater Park City Co.*, 818 F.2d 722, 725 (10th Cir. 1987). Therefore, allowable deposition transcript costs for Long, Abbott, Malloch and Sauschuck will be taxed.

Remaining at issue then are the Robert Booth transcript and the related videotaped deposition. Defendants have claimed both $275 in costs for the deposition transcript of Robert Booth and $416.50 for the videotaped deposition of the same. Plaintiff noted in his objection to the Bill of Costs that, in the course of litigation, he objected to the taking of Booth's deposition and also filed two motions

*in limine* to exclude the Booth testimony from trial. *Plaintiff's Objection to Defendant's Bill of Costs*, ECF No. 103. Defendants sought to introduce the video testimony of Robert Booth over Plaintiff's objection because Defendants believed that Booth's testimony – and his 911 call – would provide relevant background evidence and impeachment testimony. After reserving ruling on Plaintiff's *motions in limine* prior to trial, the Court ultimately granted Plaintiff's motion to exclude the testimony. *Order*, ECF No. 87 and *Oral Order*, ECF No. 92. The Court's order reserving ruling expressed its doubts about the admissibility and the probative value of Booth's testimony, but the Court did not make that finding until hearing trial testimony. *Order*, ECF No. 87.

Because 28 U.S.C. § 1920(2) provides for the reimbursement of depositional fees "necessarily obtained for use in the case," Plaintiff has the right to resist the cost assessment by attempting to demonstrate that the Booth deposition was unnecessary, but there is insufficient proof of that in this case. The fact that a particular deposition was not used at trial does bar an award of costs, as the deposition could have been used for pretrial proceedings and it was expected to be used at trial. *See In re Baby Food Antitrust Litigation,* 166 F.3d 112, 138-139 (3rd Cir. 1999) *and Westwind Africa Line v. Corpus Christi Marine Services* 834 F.2d 1232, 1238 (5th Cir. 1988) (no abuse of discretion where court taxed deposition that Westwind expected to be admitted at trial). Further, costs of depositions are taxable if, at the time they are taken, they appeared reasonably necessary to be taken. *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Where, in this

case, the Booth testimony was planned to be admitted at trial but for the evidentiary and probative issues that were litigated, and where the Court considered the testimony's usefulness up to and including trial, the costs of the Booth videotaped deposition and transcript will be taxed against Plaintiff. While both videotaped and stenographic depositions may not ordinarily be found to be "necessary for use in the case," the record reflects that the Court granted permission for the videotaped deposition in this case[1]. *Third Motion in Limine*, ECF No. 83, p. 1.

Transcript Delivery Costs

Postage, shipping and handling costs for depositions are considered ordinary business expenses that may not be charged as taxable costs in relation to obtaining transcripts. *Alexander v. CIT Technology Financing Services, Inc.*, 222 F. Supp. 2d 1087 (N.D. Ill. 2002) and *Smith v Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). See also *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F.Supp.2d 684 (E.D. Tex. 2007) and *Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898 (D. Kan., 2007). Additional charges for word indices and photocopies that were incurred for the convenience of counsel are also not allowed. *Burton v. R.J. Reynolds Tobacco, Co.*, 395 F.Supp.2d 1065 (D. Kan. 2005). Therefore, Defendants' claimed costs for transcripts will be reduced by a total of $93.50 for the disallowed

---

[1] Absent the Court's permission, the language of 28 U.S.C. § 1920(2) would focus the Court's discretionary taxation power on how the video transcript was used, i.e. whether it had a legitimate use independent from or in addition to the stenographic version. *Cf. Mereidith v. Schreiner Transport, Inc.*, 814 F. Supp. 1004 (D. Kan. 1993). *See also Kalman v. Berlyn Corp.*, 1989 WL 112818 at 2 (D. Mass. 1989) [saying "it is one thing to tax the cost of a deposition which might not be used at trial, it is another thing to tax the cost of both a deposition *and* a videotaping." (emphasis in original)].

fees for shipping, handling, word indices and photocopies associated with the depositions.

## ORDER

The Clerk of Court hereby taxes costs in favor of Defendants in the amount of one thousand four hundred eight dollars and twenty cents ($1,408.20).

IT IS SO ORDERED.

/s/ Christa K. Berry  
Clerk, U.S. District Court

Dated this 7th day of July, 2017